WM. H. BEATTY, ET AL. *v.* JOHN G. MCGUIRE.

**Title by Adverse Possession.**

Where one secures possession of land under a conveyance and holds the possession under an undisputed claim of ownership, acquiesced in by everyone for more than fifty years, it is too late for one to assert a title to it under conflicting proof as to the manner in which the person so long in possession obtained his title between the years 1831 and 1840.

APPEAL FROM LEE CIRCUIT COURT.

April 12, 1883.

OPINION BY JUDGE PRYOR:

That the father of the appellee and the grandfather of the appellants owned the land in controversy seems not to be questioned, and that he sold the land to Samuel Beatty, his son, is equally as well established. The only reason assigned for regarding the sale made by the father to the son as invalid is that the father executed the title bond to Samuel Beatty in order to elude the vigilance of creditors, and that after the execution of this bond, Henry Beatty having only a bond for title, in a certain proceeding in the federal court attempted to coerce title from his vendors, and that subsequently by a proceeding instituted in the Fayette Circuit Court a conveyance was made to his heirs, he having died, including the ancestors of these appellants. Samuel Beatty was a party to the proceeding in the circuit court and from the pleadings in that case seems to have recognized the right of his father to the title. His action in that case he accounts for by saying that it was necessary for his father to obtain the title in order that he might comply with the terms of the bond that he (Samuel) held, and while this explanation itself is not very satisfactory the facts and circumstances transpiring both before and after the proceedings were begun and terminated in the Fayette Circuit Court conduce strongly to show that Samuel Beatty is the real owner. The purchase of the land was made by Samuel Beatty in the year 1831, and, living at that time in the state of Missouri, he appointed his father his agent to rent or lease the land in controversy in this case. His father did up to his death in 1840 rent and lease the land, many portions of it in the name of his son, and when his father died Samuel Beatty immediately authorized his brother Robert to take charge of and control the land for him. This Robert did, and in 1842 Samuel Beatty moved to Kentucky, built on the land and has remained on it since that time, and during the entire period from that date to the bringing of this action has claimed and controlled and disposed of this land as his own. The manner of the holding was notorious and well known by those living in the vicinity of the land as well as one of these appellants.

As an additional evidence of the claim of Samuel Beatty he instituted an action in the Owsley Circuit Court against the heirs of the father to enforce his claim and obtained a conveyance from the commissioner. It is said that the appellant, being a nonresident, at the institution of the action in Owsley, and no warning order being made

or attorney appointed, he was not before the court by actual or constructive service and the proceedings as to him are null and void. The testimony shows that the records of the Owsley Circuit Court were destroyed by fire, and it may be that the evidence of this constructive service was destroyed; but it is necessary to discuss this question with a view only of showing the nature and duration of appellee's claim. For the purposes of this case it may be conceded that the appellants were not before the court, and still here is the evidence of the claim and continued possession from 1832 to the institution of the action, and during this period much of the land has passed into the hands of others by absolute conveyances made by Samuel Beatty. The appellants, both of them, must have had full knowledge of the fact that Samuel Beatty was using, claiming and disposing of the land as his own. Henry Beatty, the father, and grandfather of Samuel and the two appellants, sold and conveyed a part of this land in 1836 to one Peck as the attorney-in-fact of his son, and after this Samuel Beatty repurchased from Peck and obtained a conveyance. The appellant, Wm. H. Beatty, was of age nineteen years before he instituted this action, and Jameson, his co-appellant, had arrived at age twenty-three years prior to the filing of his cross-petition. They now seek to dispossess the vendees of Samuel Beatty from this land and also question the title to that part of it sold by Samuel. It is too late to assert such a claim, and while there may be conflicting proof as to the manner in which Samuel Beatty obtained the title, the chancellor will not go back for more than half a century with a view of ascertaining the origin of the claim. The decided weight of the testimony shows an adverse holding by Samuel Beatty, and besides, when his father was examined as a witness, on more than one occasion he testified on oath that this land was the property of his son. One of the appellants, Jameson, says that he was in the vicinity of this land for fifteen years, knew of the sales made by Samuel Beatty and made no objection, and in fact was all this time cognizant of Samuel Beatty's claim. The fact that W. H. Beatty was a nonresident affords no excuse for his laches in failing to assert his claim, if he had any, at an earlier date. His uncle, Samuel Beatty, is now more than eighty years old and for half a century has not only claimed but had the actual possession of this land, and what may have transpired between the years 1831 and 1840 in reference to this land can not now affect his title.

The judgment below is *affirmed*.

Judge Hargis not sitting.

*A. Duvall, I. N. Caldwell, B. F. Twyman, John S. Mahan*, for appellants.

*D. W. Lindsey, H. C. Lilly, C. F. & A. R. Burnam*, for appellee.

